UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


| | |
|---|---|
| WILLIAM McDEVITT, FUND ADMINISTRATOR | ) |
| OF THE PAINTERS & ALLIED TRADES | ) |
| DISTRICT COUNCIL NO. 35 PENSION FUND | ) |
|   Plaintiff | ) |
| | ) |
| V. | ) |
| | ) |
| MARSTON INDUSTRIAL SERVICES, INC. and | ) |
| MARSTON PROPERTIES LLC | ) |
|   Defendants | ) |

<u>COMPLAINT</u>

<u>Count I</u>
(Unpaid Withdrawal Liability)

1.  This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et seq*., as amended by the Multi-Employer Pension Plan Amendments Act, 29 U.S.C. §1381 *et seq*., brought on behalf of The Painters & Allied Trades District Council No. 35 Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid withdrawal liability.

2.  This court has jurisdiction and venue lies in this district pursuant to ERISA §502(e), 29 U.S.C. §1132(e) and ERISA§ 4301, 29 U.S.C. §1451.

3.  Plaintiff, William McDevitt, is the Fund Administrator of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

4.  The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37(A) of ERISA, 29 U.S.C. §1002(37(A) and is an "employee benefit plan" or "plan" within the meaning

of Section 3(3) of ERISA, 29 U.S.C. §1002(3).  The Pension Fund has its principal office at and is administered from 25 Colgate Road, Roslindale, MA 02131.

5.      Defendant, Marston Industrial Services, Inc. ("Marston") is a corporation with a principal place of business in Fairfield, ME.

6.      Defendant, Marston Properties LLC, ("Marston Properties") on information and belief, is a limited liability corporation organized under the laws of the State of Maine.

7.      Defendant, Marston, is an "employer" within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and §4001(b)(1), 29 U.S.C. §1301(b)(1) and an employer in an industry affecting commerce within the meaning of ERISA §3(5), 29 U.S.C. §1421(1) and §152(2) (6) and (7).

8.      Painters & Allied Trades District Council No. 35 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

9.      At all material times, Defendant Marston was obligated by the terms of one or more collective bargaining agreements between Painters & Allied Trades District Council 35 and by the terms of Agreement and Declaration of Trust to which Defendant Marston was bound to make contributions on behalf of certain employees to the Pension Fund.

10.     On or about June 30, 2013, Defendant Marston permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased covered operations under the Pension Fund.

11.     By letter dated March 14, 2014, the Pension Fund notified Defendant Marston that it had withdrawn and demanded payment of Defendant Martson's proportionate share of the Pension Fund's unfunded vested benefit liability.

12.     In demanding payment of Defendant Marston's withdrawal liability, the Pension Fund requested immediate payment of the full amount of its liability $336,201 or, alternatively, payment pursuant to a schedule the first payment of which was due to be made on May 14, 2014.

13.     Defendant Marston has paid its first two quarterly withdrawal liability payments to the Fund but claimed it cannot meet the schedule demanded by the Pension Fund and has threatened bankruptcy.

WHEREFORE, Plaintiff demands that judgment enter against Defendant Marston in accordance with ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA §4301, 29 U.S.C. §1451:

1.     Awarding the Pension Fund the following amounts:

    a.     the withdrawal liability in the amount of $336,201 less the payments received;

    b.     all costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action; and

2.     Ordering such other and further relief as this court may deem just and proper.

## Count II
(Unpaid Withdrawal Liability Against Marston Properties LLC)

14.     Plaintiff hereby incorporates all of its allegations contained in paragraph 1 through 13 as if more completely set forth herein.

15.     Pursuant to Internal Revenue Code §414(b) and (c), Marston Properties is a related company and part of a controlled group of corporations for purposes of withdrawal liability.

16.     Marston Properties LLC is owned 50% by James Marston and 50% by his wife, Holly Marston.

17.     James Marston and Holly Marston are also controlling owners of Marston.

18.    Because James Marston and Holly Marston control both corporations, Marston Properties is subject to Internal Revenue Code §414(b) and (c) and its assets are available to satisfy the withdrawal liability of Marston.

WHEREFORE, Plaintiff demands that judgment enter against the Defendant, Marston Properties, in accordance with ERISA §502(g)(2), 29 U.S.C. §1132(g)(2) and ERISA §4301, 29 U.S.C. §1451 and Internal Revenue Code §414(b)(c):

1.    Awarding the Pension Fund the following amounts:

a.    the withdrawal liability in the amount of $336,201 less payments received;

b.    all costs and reasonable attorneys' fees incurred by the Pension Fund in connection with this action;

c.    a preliminary injunction enjoining the Defendants from alienating the assets of Marston Properties LLC; and

2.    Ordering such other and further relief as this court may deem just and proper.

WILLIAM McDEVITT, FUND
ADMINISTRATOR   OF THE PAINTERS &
ALLIED TRADES     DISTRICT COUNCIL
NO. 35 PENSION FUND


DATED:  August 18, 2014          _____/s/ *James F. Grosso*_____
James F. Grosso – BBO 213320
Miranda S. Jones – BBO 557803
O'Reilly, Grosso & Gross, P.C.
1661 Worcester Road, Suite 403
Framingham, MA 01701
Tel:  508/620-0055
jgrosso@ogglaw.com
mjones@ogglaw.com